UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Marino M. Green,

    Plaintiff,

vs.                                                                        Case No.  3:06-cv-921-J-20MCR

Florida Department of Health; Dean Willis;
Ming Chan; and David Beall,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Join a Defendant and [Amend] Complaint (Doc. 29) filed May 25, 2007. No response has been filed to this Motion and the time for doing so has expired. Accordingly, the matter is now ripe for judicial review.

On October 19, 2006, Plaintiff, who is proceeding pro se, filed his Complaint against the Florida Department of Health (the "DOH") and several individual defendants claiming employment discrimination.[1] (Doc. 1). Specifically, Plaintiff claims he was discriminated against on the basis of his race and in retaliation for engaging in protected activity when he was not promoted and his employment was terminated. Plaintiff alleges he applied for a promotion to the position of Biological Administrator II in May 2004 and even though he was qualified and the only applicant, a white employee was

---

[1] On March 21, 2007, the Court dismissed the claims against the individual defendants. (Doc. 25).

-1-

hired.  (Doc. 1, p.3).  Plaintiff now seeks to amend his Complaint to include a claim against the Centers for Disease Control and Prevention (the "CDC") for discriminatory failure to hire.  Plaintiff claims that the DOH "named [the CDC] as the hiring official for the Research Biologist position in question in the complaint."  (Doc. 29, p.1).

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires."  As the Supreme Court further explained in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be "freely given."

See also, Technical Resource Servs., Inc. v. Dornier Medical Systems, Inc., 134 F.3d 1458, 1463 (11th Cir. 1998).

In reviewing the Foman factors, this Court finds Plaintiff's motion to amend not to be for the purpose of undue delay or brought in bad faith.  Nor is the proposed amended complaint the result of "repeated failure to cure deficiencies by amendments previously allowed."  Additionally, the Court does not believe either the DOH or the CDC will be subjected to under prejudice, however, they are free to argue otherwise in a dispositive motion.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Join a Defendant and [Amend] Complaint (Doc. 29) is **GRANTED**.

2. Plaintiff shall file a signed amended complaint and serve all Defendants with a copy no later than August 8, 2004.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  7th  day of August, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff